LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California 92101-3909
Telephone: (619) 236-8300
Facsimile: (619) 236-8400
KDH@KurtDavidHermansen.com
Attorney for Defendant
GUILLERMO JOSE FONSECA-GARCIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE GORDON THOMPSON, JR.)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUILLERMO JOSE FONSECA-GARCIA,<br>Defendant. | Case No. 08cr2461 GT<br>NOTICE OF MOTIONS AND MOTIONS:<br>(1) TO COMPEL DISCOVERY;<br>(2) TO PRESERVE EVIDENCE; AND<br>(3) FOR LEAVE TO FILE FURTHER MOTIONS<br>(4) TO SHORTEN TIME.<br>Date: August 11, 2008 at 9:00 a.m. |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND MICHAEL CROWLEY, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on **August 11, 2008, at 9:00 a.m.**, or as soon thereafter as counsel may be heard, Defendant, GUILLERMO JOSE FONSECA-GARCIA, by and through counsel, Kurt David Hermansen, will ask this Court to enter an order granting the following motions.

## MOTIONS

Defendant, GUILLERMO JOSE FONSECA-GARCIA, by and through counsel, Kurt David Hermansen, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an Order:

1. compelling discovery;
2. preserving evidence; and
3. granting leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Dated: *August 8, 2008*

s/Kurt David Hermansen

Attorney for Defendant
Email: KDH@KurtDavidHermansen.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUILLERMO JOSE FONSECA-GARCIA,<br>Defendant. | Case No. 08cr2461 GT<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, KURT DAVID HERMANSEN, am a citizen of the United States and am at least eighteen years of age. My business address is 110 West C Street, Suite 1810, San Diego, California 92101.

I have caused service of **NOTICE OF MOTION AND MOTIONS: (1) TO COMPEL DISCOVERY; (2) PRESERVE EVIDENCE; (3) FOR LEAVE TO FILE FURTHER MOTIONS AND (4) TO SHORTEN TIME & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS**.

The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

Kurt David Hermansen
KDH@KurtDavidHermansen.com

U S Attorney CR
Efile.dkt.gc2@usdoj.gov & MANUAL email to Michael.Crowley2@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: *August 8, 2008*

s/*Kurt David Hermansen*
Attorney for Defendant
KDH@KurtDavidHermansen.com

LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California 92101-3909
Telephone: (619) 236-8300
Facsimile: (619) 236-8400
Cellular: (619) 436-8117
KDH@KurtDavidHermansen.com
Attorney for Defendant
GUILLERMO JOSE FONSECA-GARCIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE GORDON THOMPSON, JR.)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUILLERMO JOSE FONSECA-GARCIA,<br>Defendant. | Case No. 08cr2462 GT<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

## I. STATEMENT OF FACTS[1/]

In a July 24, 2008 Information, GUILLERMO JOSE FONSECA-GARCIA is accused of being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

The parties contemplate a disposition of this case without the need for a trial. However, the parties need additional time to exchange discovery from the A-File and to conduct research into one of Mr. Fonseca's prior convictions in order to properly calculate Mr. Fonseca's criminal

[1/] The facts contained in this motion are not concessions or admissions. Instead, they are based primarily on a review of the discovery provided by the government. Mr. Garcia reserves the right to challenge the accuracy of these alleged facts, and in no way admits their accuracy.

history category and, more important, to determine whether Mr. Fonseca has a prior conviction that qualifies as a +16 under the U.S. Sentencing Guidelines.

## II. <u>MOTION TO COMPEL DISCOVERY</u>

Defendant moves for the production of further discovery pursuant to FED. R. CRIM. P. 12(b)(4) and 16. This request is not limited to items the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any investigative or other governmental agencies closely connected to the prosecution. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *United States v. Bryan*, 868 F.2d 1032, 1035 (9th Cir. 1989).

1. <u>Defendant's "A" File and Deportation Tapes</u>. ***Mr. Fonseca requests a <u>complete</u> and accurate copy of any and all "A" files the government alleges are his, and copies of any tape-recorded deportation hearings, and any transcripts thereof, in support of any deportation order executed against Defendant.***

The government must produce documents which are material to the preparation of a defense. *See* FED. R. CRIM. P. 16(a)(1)(C). Here, Mr. Fonseca meets all the requirements for production under Rule 16. He asks to inspect his "A" file. The government is in possession of it. And, the following discussion demonstrates the materiality of the "A" file.

The "A" file plays a significant role in a prosecution under 8 U.S.C. § 1326. INS Officers routinely testify at trial that an "A" file contains *all* of the immigration contacts between the government and the individual. *See United States v. Blanco-Gallegos*, 188 F.3d 1072 (9th Cir. 1999) (an INS A-File identifies an individual by name, aliases, date of birth, and citizenship, and all records and documents related to the alien are maintained in that file). Thus, the "A" file is presumptively material in § 1326 prosecutions.

Additionally, the "A" file may contain *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963). Armed with the "A" file, Mr. Fonseca could use documents which may help his defense or point to specific documents that should be in the file. The absence of records is relevant and admissible. In fact, there is a specific hearsay exception dealing with absence of records. *See* FED. R. EVID. 803(10). Without an examination of the complete "A" file, however, Mr. Fonseca cannot use this effective technique. Mr. Fonseca can use absence of records to

establish his innocence, or at least, impeach the government's witnesses. Thus, the complete "A" file is material to Mr. Fonseca's defense and the failure to order inspection will effect his substantial rights.

Mr. Fonseca expects the government will attempt to have an "expert witness" testify that based upon a review of Mr. Fonseca's "A" file, Mr. Fonseca would not have received permission to return to the United States, and based on a review of the "A" file, Mr. Fonseca was not a United States citizen. If, however, the Court allows the testimony, the government must produce the materials — the "A" file — the expert uses to reach his or her opinions. *See United States v. Zanfordino*, 833 F. Supp. 429, 432-33 (S.D.N.Y. 1993). In *Zanfordino*, the defense requested discovery regarding the basis of the expert's testimony. The district court granted the request, noting that a cross examination conducted without that information implicated due process and the Confrontation Clause. 833 F. Supp. at 432. "If an expert is testifying based in part on undisclosed sources of information, cross-examination vouchsafed by that Clause would be unduly restricted." *Id.* In addition to the constitutional concerns, *Zanfordino* also relied, as does Mr. Fonseca, on Rule 16, *Jencks* and Fed. R. Evid. 705. *Id.* at 432-33. Rule 16 requires disclosure of "the bases and reasons for [the expert's] opinions." FED. R. CRIM. P. 16(a)(1)(E). The rules of evidence impose a similar requirement: "[t]he expert may in any event be required to disclose the underlying facts or data on cross-examination." FED. R. EVID. 705. As the *Zanfordino* court observed, "delaying such disclosure until [cross examination] would merely prolong the trial." 833 F. Supp. at 433.

Finally, Mr. Fonseca expects that government witnesses will use the "A" file to refresh memory. A defendant is entitled to inspect materials that a government witness uses "to refresh memory for the purpose of testifying, either — (1)while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice." FED. R. EVID. 612; *United States v. Sai Keung Wong*, 886 F.2d 252, 257 (9th Cir. 1989). While this Court has discretion to deny inspection when the witness reviews material before testifying, the Court must order inspection when the witness reviews materials while on the stand. *See Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985) (written aids may be used to stimulate a

recollection, but such writings must be made available for inspection and cross-examination by the adverse party); *Spivey v. Zant*, 683 F.2d 881, 885 n.5 (5th Cir. 1982) (habeas defendant entitled to inspect and use during cross-examination whatever portions of his file that his former attorney used to refresh his memory); *Marcus v. United States*, 422 F.2d 752, 754 (5th Cir. 1970) (well settled that if a witness uses any paper or memoranda while on the stand to refresh memory, the opposing side, upon demand, has a right to examine the paper or memoranda and use it in cross-examination); *National Dairy Products Corp. v. United States*, 384 F.2d 457, 461 (8th Cir. 1967) (finding prejudicial error where the court let the government refresh a witness's memory with a grand jury transcript and where the court did not let the defendant inspect the transcript; *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 233 (1940) (material used to refresh recollection must be shown to opposing counsel upon demand).

2. Defendant's Statements. The Government must provide Defendant with copies of: (a) *all* written or recorded statements made by Defendant; (b) the substance of any statements Defendant made which the Government intends to offer in evidence at trial; (c) any response by Defendant to interrogation; (d) the substance of any oral statements which the Government intends to introduce at trial and any written summaries of Defendant's oral statements contained in the handwritten notes of Government agents; (e) any response Defendant gave to any *Miranda* warnings which may have been given to Defendant; and, (f) any other statements by Defendant. The Government must reveal *all* statements made by a defendant, whether oral or written, regardless of whether the Government intends to make any use of those statements. See FED. R. CRIM. P. 16(a)(1)(A); *id.* advisory committee's note (1991 amendments); *see also United States v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir. 1982).

3. Arrest Reports, Notes and Dispatch Tapes. Defendant also specifically moves for a copy of all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding Defendant's arrest or any questioning. This request includes any ***rough notes***, records, reports, transcripts or other documents in which Defendant's statements or any other discoverable material is contained. Such material is discoverable under FED. R. CRIM. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). Notably, the

Government must produce arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Defendant. *See United States v. Riley*, 189 F.3d 802, 806-08 (9th Cir. 1999); FED. R. CRIM. P. 16(a)(1)(B)-(C); FED. R. CRIM. P. 12(i), 26.2. ***Defendant requests preservation of rough notes, whether or not the government deems them discoverable.***

4. Brady Material. Defendant moves for production of all documents, statements, agents' reports, and tangible evidence favorable to Defendant on the issue of guilt or which affects the credibility of the Government's witnesses. Impeachment and exculpatory evidence fall within the definition of evidence favorable to the accused. *See Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 676-78 (1985); *United States v. Agurs*, 427 U.S. 97, 102-06 (1976).

5. PINPOINT DISCOVERY REQUESTS FOR *Brady* Material.

**a. acquired or derivative citizenship**

Defendant moves for production of all documents, statements, agents' reports, and tangible evidence favorable to Defendant on the issue of guilt on the issue of "alienage." Specifically, a person born outside the United States is not an alien for purposes of 8 U.S.C. § 1326 if he or she has acquired or derived citizenship through a parent under the immigration laws of the United States.

Citizenship for one not born in the United States may be acquired "only as provided by Acts of Congress." *Miller v. Albright,* 523 U.S. 420, 424 (1998). Since the enactment of the first naturalization statute in 1790, our immigration laws have conferred derivative citizenship on the children of a naturalized citizen, provided certain statutorily prescribed conditions are met. *Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005).

As with all forms of citizenship, derivative citizenship is determined under the law in effect at time the critical events giving rise to eligibility occurred. *Minasyan*, 401 F.3d at 1075; *Montana v. Kennedy*, 366 U.S. 308 (1961). For example, under INA § 321(a),[2] citizenship can be transmitted automatically upon a parent's naturalization. *Minasyan*, 401 F.3d at 1075. "The

[2] INA § 321 (8 U.S.C. § 1432) was repealed Oct. 30, 2000.

applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Solis-Espinoza v. Gonzales*, 401 F.3d 1090, 1092 (9th Cir. 2005); *Scales v. INS,* 232 F.3d at 1159, 1162-63 (9th Cir. 2005); *United States v. Viramontes-Alvarado,* 149 F.3d 912, 915 (9th Cir. 1998).

"Until the claim of citizenship is resolved, the propriety of the entire [deportation] proceeding is in doubt." *Frank v. Rogers,* 253 F.2d 889, 890 (D.C. Cir. 1958). *See Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005) (citing *Frank v. Rogers* and *Ng Fung Ho v. White,* 259 U.S. 276, 284 (1922) ("Jurisdiction in the executive to order deportation exists only if the person arrested is an alien. The claim of citizenship is thus a denial of an essential jurisdictional fact."). Where someone who has been ordered removed claims that he is a United States citizen and that he is therefore not subject to removal, the federal courts have jurisdiction to determine his nationality claim. *Minasyan v. Gonzales*, 401 F.3d 1069, 1074 (9th Cir. 2005). Because "the INA explicitly places the determination of nationality claims solely in the hands of the courts of appeals and (if there are questions of fact to resolve) the district courts," the federal courts are not required to give *Chevron* deference to the agency's interpretation of the citizenship laws. *Minasyan*, 401 F.3d at 1074. In addition, a claim to citizenship need not be exhausted. *Minasyan*, 401 F.3d at 1075. The statutory administrative exhaustion requirement of § 1252(d)(1) does not apply to a person with a non-frivolous claim to USC status even if he has previously been (illegally) deported by the government. *Minasyan*, 401 F.3d at 1075.

6. <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>. The Government must produce this information under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by Defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Sentencing Guidelines. Defendant also moves for a copy of any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

7. <u>Defendant's Prior Record</u>. Under FED. R. CRIM. P. 16(a)(1)(B), Defendant specifically moves for a copy of Defendant's prior criminal record, if any, as is within the

possession, custody, or control of the government. Defendant specifically requests that the copy be complete and legible.

8. Any Proposed 404(b) Evidence. The government must produce evidence of "other acts" under FED. R. CRIM. P. 16(a)(1)(C) and FED. R. EVID. 404(b), 609. *See United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999) (holding that Rule 404(b) "applies to all 'other acts,' not just bad acts"). This request includes any TECS records the Government intends to introduce at trial, whether in its case-in-chief, for possible impeachment, or in rebuttal. *Id.* In addition, under Rule 404(b), Defendant specifically requests the government "provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at trial. *See id.* at 1154-55. Additionally, Defendant requests that such notice be given ***three weeks*** before trial to give the defense time to adequately investigate and prepare for trial.

9. Evidence Seized. Under Fed. R. Crim. P. 16(a)(1)(C), the defense moves for a copy of discovery of evidence seized as a result of any search.

10. Tangible Objects. Under Fed. R. Crim. P. 16(a)(2)(C), Defendant specifically requests the opportunity to inspect and copy and test, if necessary, all other documents and tangible objects, including any books, papers, documents, photographs, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to Defendant.

11. Evidence of Bias or Motive to Lie. Defendant moves for production of any evidence that any prospective Government witness is biased or prejudiced against Defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987); *United States v. Strifler*, 851 F.2d 1197, 1201-02 (9th Cir. 1988).

12. Impeachment Evidence. Defendant moves for production of any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. *See* FED. R. EVID. 608-09, 613; *Brady v. Maryland*, 373 U.S. 83 (1963); *Strifler*, 851 F.2d at 1201-02; *Thomas v. United States*, 343 F.2d 49, 53-54 (9th Cir. 1965).

13. Evidence of Criminal Investigation of Any Government Witness. Defendant moves for production of any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

14. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. Defendant moves for production of any evidence, including any medical or psychiatric report or evaluation, that tends to show any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or any other controlled substance, or has ever been an alcoholic. *See Strifler*, 851 F.2d at 1201-02.

15. Witness Addresses. Defendant moves for production of the name and last known address of (1) each prospective Government witness, ***and*** (b) every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a Government witness.

16. Names of Witnesses Favorable to the Defendant. Defendant moves for production of the name of any witness who made an arguably favorable statement concerning Defendant. *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

17. Statements Relevant to the Defense. Defendant moves for disclosure of any statement that may be "relevant to any possible defense or contention" that my client might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by any percipient witnesses.

18. Jencks Act Material. Defendant moves for production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v.*

*United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview, the notes are subject to the Jencks Act. *See also Riley*, 189 F.3d at 806-08. The defense specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

19. *Giglio* Information. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Defendant moves for production of all statements or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witness.

20. Agreements Between the Government and Witnesses. Defendant moves for discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and any federal, state or local government. This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

21. Informants and Cooperating Witnesses. Defendant moves for disclosure of the names and addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Defendant. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate Defendant. Defendant also moves for disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio*, 405 U.S. at 153-55.

Such information should include what inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

22. Personnel Records of Government Officers Involved in the Arrest. Defendant moves for production of all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. *See Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

23. Government Examination of Law Enforcement Personnel Files. Defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Defendant requests the attorney for the Government review these files for evidence of perjury or other similar dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review. The Ninth Circuit in *Henthorn* remanded for *in camera* review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Defendant before trial. Defendant specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under *Henthorn*, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request. *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992); *see also Kyles v. Whitley*, 514 U.S. 438, 437 (1995) (prosecutors have "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

24. Expert Summaries. Defendant moves for production of written summaries of all expert testimony the Government intends to present under Federal Rules of Evidence 702,

703 or 705 during its case-in-chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. FED. R. CRIM. P. 16(a)(1)(E)-(G).

25. Reports of Scientific Tests or Examinations. Under Fed. R. Crim. P. 16(a)(1)(D), Defendant moves for discovery of the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis or chemical tests of the substance found in the car my client was driving, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial.

26. Residual Request. Defendant intends by this discovery motion to invoke the right to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Defendant requests that the Government provide Defendant and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay before trial and before cross-examination.

## III. MOTION TO PRESERVE EVIDENCE

Request for Preservation of Evidence. Defendant specifically moves for the preservation of all dispatch tapes and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case. *See Riley*, 189 F.3d at 806-08. Defendant further requests that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to instruct those parties to preserve it. This request also includes any material or percipient witness who might be deported or is otherwise likely to become unavailable (e.g., undocumented persons and transients).

## IV. LEAVE TO FILE FURTHER MOTIONS

Pursuant to FED. R. CRIM. P. 16, the Government has a continuing duty to disclose discovery to defense counsel. As additional information comes to light, the defense may find it necessary to file further motions or supplement these motions. Defendant hereby requests leave to do so.

## V. UNOPPOSED MOTION FOR ORDER SHORTENING TIME

The parties anticipate this case will resolve and not need to go to trial. However, more time is need to obtain and review discovery from the A-File. This case is set for a disposition hearing on 8/11/08. The undersigned, with no opposition from the government, request that this Court issue an order shortening time so that the instant motions may be filed.

A proposed order with respect to this joint motion is being submitted directly to the court via efile_thompson@casd.uscourts.gov.

## VI. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court grant the foregoing motions.

Dated: *August 8, 2008*

s/*Kurt David Hermansen*

Attorney for Defendant
Email: KDH@KurtDavidHermansen.com